United States District Court
Southern District of Texas
**ENTERED**
January 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **HAMIDREZA ZOBEIR,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-24 |
| | § | |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is *pro se* Petitioner Hamidreza Zobeir's (Petitioner) petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) Petitioner requests immediate release from custody, alleging that he has been detained by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) since April of 2025 and has been denied bond on three occasions. (Dkt. 1 at 2, 6.)

Respondents assert that Petitioner is detained under 8 U.S.C. § 1226, and that he was afforded a custody redetermination hearing on May 6, 2025, at which the Immigration Judge ("IJ") denied bond, finding that Petitioner did not demonstrate that he is not a danger to persons or property. (Dkt. 12 at 3, Attach. 3.)[1] Respondents also allege that petitioner was afforded two subsequent custody redetermination hearings upon the Petitioner's request on September 11, 2025, and on December 16, 2025, and that the IJ again denied bond at both hearings for failure to demonstrate changed circumstances. (*Id.* at 3–4, Attachs. 4, 5.) Finally, Respondents assert that

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

Petitioner has not appealed the denial of his most recent custody redetermination to the Board of Immigration Appeals ("BIA"). (*Id*. at 4.)

Upon review of evidentiary record submitted to the Court, it appears that Petitioner has been provided with the custody redetermination hearings before an IJ that he is statutorily entitled to under 8 U.S.C. § 1226(a). Because "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond," the Court may not review the IJ's underlying discretionary decision to deny bond for Petitioner. *See Fuentes v. Lyons*, 2025 WL 3022478, at *3 (S.D. Tex. Oct. 29, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). Moreover, Petitioner alleges no constitutional challenge to the statutory framework for his detention or to the extent of DHS's detention authority. *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) ("Section 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review [Petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") Therefore, the Court is unable to grant the relief that Petitioner seeks.

Consequently, Respondents' Motion for Summary Judgment (Dkt. 12) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

The Clerk of Court is DIRECTED to mail Petitioner a copy of this Order by any receipted means at the address indicated in Petitioner's most recent filing.

IT IS SO ORDERED.

SIGNED this January 29, 2026.

                                                Diana Saldaña
                                                United States District Judge